***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN LEE, | : | |
| Petitioner, | : | Civil Action No. 13-2190 (CCC) |
| v. | : | **OPINION** |
| BEVERLY HASTINGS, et al., | : | |
| Respondents. | : | |

**CECCHI, District Judge:**

Petitioner Kevin Lee ("Petitioner"), confined at East Jersey State Prison in Rahway, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for murder, robbery, and related offenses. For reasons stated below, the Court denies the Petition as time-barred.

### I.   FACTUAL BACKGROUND

The Court recites only those facts relevant to this Opinion. Petitioner was convicted and sentenced by the State of New Jersey for murder, robbery, and firearm offenses on January 14, 1999, after a jury trial. (ECF No. 6-2 at 3.) The conviction and sentence was affirmed, and certification was denied by the New Jersey Supreme Court on April 22, 2004. *Id.* at 3-4.

On September 20, 2004, Petitioner filed for post-conviction relief ("PCR"). (ECF No. 14-13 at 5.) On April 1, 2008, that PCR application was dismissed for failure to submit the brief on time. *Id.* at 5-6. Petitioner filed a second PCR application on September 14, 2009, *id.* at 6, which was denied and affirmed on appeal. Certification was denied on January 16, 2013. (ECF No. 14-21.) The instant Petition, dated February 18, 2013 and filed on April 5, 2013, followed.

## II. DISCUSSION

### A. Statutory Tolling

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999)) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its

clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Gibbs*, 2009 WL 1307449 at *3; *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Respondents assert that the Petition is time-barred by AEDPA's statute of limitations. Respondents raise two arguments in support of their defense. First, Respondents argue that Petitioner is not entitled to statutory tolling for his first PCR application because it was filed after the deadline under state court rules to seek PCR review. Petitioner refutes this argument, stating that because Petitioner's direct appeal did not conclude until April 22, 2004, only a few

3

months before Petitioner's first PCR application, state court rules allow the filing of a PCR application after the five-year period. The Court need not reach a finding with regard to this argument because the Petition is time-barred for the reasons stated in connection with Respondents' second argument.

After Petitioner's first PCR application was dismissed on April 1, 2008 for failure to submit a brief, Petitioner did not file his second PCR application until September 14, 2009. Respondents argue that because more than a year has passed between the dismissal of the first PCR application and the filing of the second PCR application, Petitioner's AEDPA limitations period expired during that time. The Court agrees. Section 2244(d)(2) states that statutory tolling is only appropriate for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As Respondents correctly pointed out, between April 1, 2008 and September 14, 2009, there was no pending application for PCR or any other collateral review in the state court with respect to Petitioner's conviction or sentence. This period, therefore, is not entitled to statutory tolling.

In Petitioner's Reply, Petitioner did not appear to address this argument, stating only that "[Petitioner's] second request for post-conviction relief, was filed on September 14, 2009." (ECF No. 18 at 27.) It does not matter whether New Jersey rules would have permitted Petitioner's second PCR application; on federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions. Petitioner cites to no federal authority stating that Petitioner is entitled to *statutory tolling* for the period between his first and second PCR application. *See Jean-Louis v. Bartowski*, No. 11-1922 (CCC), 2011 WL 5869598, at *3 (D.N.J. Nov. 22, 2011) ("Notably, the fact that Petitioner eventually filed his second PCR

4

application is wholly irrelevant to this Court's analysis of statutory tolling. This is so because Petitioner's one-year AEDPA-based limitations period had already long run by the [time] that second application was filed"). As Petitioner raises no grounds for equitable tolling in his Reply, the Court denies the Petition as time-barred.

### B. Certificate of Appealability

Finally, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

### III.   CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred.

_____
Claire C. Cecchi, U.S.D.J.

Dated: September 3, 2015

5